# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LYNETTA D. McGREGOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-496-SM |
| | ) | |
| ANDREW M. SAUL, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Lynetta D. McGregor (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Docs. 9, 13.[1] Plaintiff argues substantial evidence does not support the jobs the ALJ identified at step five of the analysis and that the ALJ should have limited her residual functional capacity[2] to exclude contact with the public. Doc. 14, at 3-7. After a careful review of the record

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record will refer to its original pagination.

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1520(e); 416.920(e).

(AR), the parties' briefs, and the relevant authority, the court affirms the Commissioner's decision.

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just h[er] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

**C. Relevant findings.**

**1. Administrative Law Judge's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 15-26; *see* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had the following severe impairments: depression, anxiety, and diabetes;

(2) did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(3) had the residual functional capacity for light work "with nonexertional limitations in that claimant would be limited to work that is of SVP level 2 or less as defined in the DOT"; "would have the ability to understand, remember, and carry out ordinary and/or routine written or oral instructions and tasks and to set realistic goals and plans independently of others"; and "would have the ability to interact occasionally with supervisor, co-workers and limited contact with the public";

(4) could not perform her past relevant work;

(5) could perform jobs that exist in substantial numbers in the national economy, such as production assembler, housekeeping, and small product assembler; and thus

(6) had not been under a disability as defined by the Social Security Act from December 28, 2016 through August 22, 2018.

AR 16-26.

### 2. Appeals Council's findings.

The SSA's Appeals Council denied Plaintiff's request for review, so the ALJ's unfavorable decision is the Commissioner's final decision here. *Id.* at 1-5; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). A court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

B. **Issues for judicial review.**

Plaintiff argues that substantial evidence does not support the ALJ's "reliance on the jobs the [vocational expert] identified in response to the hypothetical . . . ." Doc. 14, at 6. Because the ALJ's hypothetical did not "clearly relate the moderate impairments the agency doctors found," she argues, the court must remand. *Id.*

III. **Analysis.**

A. **Substantial evidence supports the ALJ's decision.**

Plaintiff agrees the ALJ found the state agency doctors' opinions "more persuasive." Doc. 14, at 3 (quoting AR 23).[3]

> I find the opinions of both the State agency medical and psychological consultants more persuasive in this matter as their findings are generally consistent with the medical evidence as a whole during this time. While I acknowledge that these consultants did not personally examine the claimant, they provided specific reasons for their opinions regarding his functional limitations. They were able to review the evidence within the record and the language within their assessments makes clear that they duly considered the claimant's subjective complaints as well. Finally, their unbiased nature as third party examiners as well as their familiarity and expertise in these types of determinations is unmatched in the record (Exhibits 3A/4A & 7A/8A).

*Id.*

---

[3] Effective March 27, 2017, the SSA revised its medical evidence rules. *See* 82 FR 5844 (Jan. 18, 2017).

As Plaintiff notes, the state agency doctors "found the following moderate limitations: ability to maintain attention and concentration for extended periods; ability to work in coordination with [or] in proximity to others without being distracted by them; ability to respond appropriately to changes in the work setting. R. 74-75, 90-91, 111-12." *Id.* at 4.

At the hearing, the ALJ posed this hypothetical to the vocational expert:

> Assume a hypothetical individual of the claimant's age and education, past work as described. Let's assume this hypothetical individual can perform the full range of light work as defined in Appendix 2, Subpart 3 of the regulations. She would have non-exertional limitations. The claimant would be limited to work that is of SVP level 2 or less as defined in the DOT. She'[d] have ability to understand, remember, carry out ordinary and/or routine written or oral instructions and tasks, set realistic goals, plan independently of others. She'd have ability to interact occasionally with supervisors, coworkers, and limited contact with the public.

AR 56.

Plaintiff maintains this hypothetical inadequately captured Plaintiff's moderate limitations. The Commissioner notes that "[a] moderate limitation means a claimant's 'functioning in this area independently, appropriately, effectively, and on a sustained basis is *fair*.'" Doc. 18, at 10 (quoting 20 C.F.R. 404, subpt. P, app. 1, § 12.00(F)(2) (emphasis added by the Commissioner)). Plaintiff offers other unsubstantiated definitions of "moderate," but does not address the regulatory definition. *See* Doc. 14, at 4; AR 57-58.

And as the Commissioner argues, an ALJ need not repeat verbatim the moderate limitations, but may incorporate them by limiting Plaintiff to particular types of work activity:

> The administrative law judges in *Lee*[ *v. Colvin*, 631 F. App'x 538 (10th Cir. 2015)] and in our case did not repeat the moderate limitations assessed by the doctor. But both administrative law judges *incorporated these limitations* by stating how the claimant was limited in the ability to perform work-related activities.
>
> This approach is acceptable in our circuit, for we have held in a published opinion that an administrative law judge can account for moderate limitations by limiting the claimant to particular kinds of work activity. *See Vigil v. Colvin,* 805 F.3d 1199, 1204 (10th Cir. 2015) ("[T]he [administrative law judge] accounted for [the claimant's] moderate concentration, persistence, and pace problems in his [assessment of residual functional capacity] by limiting [the claimant] to unskilled work."). In *Lee*[], we applied this approach, concluding that the administrative law judge *did not err by incorporating the moderate limitations in restricting the claimant in jobs* involving complex tasks, close supervision, or meaningful interaction with supervisors or peers.

*Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) (emphasis added). The court agrees with the Commissioner that the ALJ adequately accounted for Plaintiff's moderate limitations by placing various nonexertional restrictions in her RFC by limiting her to occasional interaction with coworkers and supervisors and limited interaction with the public. AR 19; Doc. 18, at 10.

**B.    If there was error, it was harmless.**

Second, Plaintiff argues that, despite giving the state agency physicians' opinions "great weight," the ALJ restricted her to "limited contact" with the

7

public, rather than the opinions' no public contact restriction. Doc. 14, at 7. Under the revised regulations, the ALJ gives no "specific evidentiary weight" "to any medical opinion[s]." *See* 20 CFR §§ 404.1520c(a); 416.920c(a). So, in crafting the RFC, the ALJ is not tethered to any opinion. *See e.g.*, *Howard v. Barnhart*, 99 F. App'x 227, 231 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."). The Commissioner notes the ALJ accounted for the "limited contact" restriction when he considered Plaintiff's activities of daily living, including her positive interaction with medical providers, her other social activities, and her ability to pay her bills in person. Doc. 18, at 12 (citing AR 18, 50). The ALJ apparently rejected the state agency physicians' opinions on the severity of Plaintiff's social limitations and replaced them with a limited contact restriction. AR 56 (hypothetical posed to the vocational expert); *id.* at 19 (RFC). The court agrees that substantial record evidence supports the ALJ's inclusion of a "limited contact with the public" limitation.

Finally, the Commissioner argues that even if the ALJ erred, his error would have been harmless. *Id.* at 11-13. The court may find harmless error when it can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

8

Of the three jobs the vocational expert identified, only the job of housekeeper, DOT 323.687-014, involved any public contact. *See* Doc. 18, at 13 (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012)); *see also Lichtner v. Colvin*, 2016 WL 1274089, *5-7 (C.D. Cal. Mar. 31, 2016) (noting that if claimant was limited to no public contact, his "ability to perform" work as a small products assembler amounted to substantial evidence supporting the ALJ's decision and any error was harmless); *Wilson v. Astrue*, 2011 WL 4828998, *3-4 (D. Or. Oct. 11, 2011) (noting small products assembler II job does not require public contact or co-worker interaction, finding error harmless at step five); *Wingo v. Comm'r of Soc. Sec. Admin.*, 2018 WL 1505493, at *2 (E.D. Okla. Mar. 27, 2018) ("The [vocational expert] then corrected herself, noting that the limitation of no public contact eliminated those positions but that the job[] of small product assembler . . . remained."). And as the Commissioner asserts, the two production jobs have roughly 500,000 nationally (300,000 and 200,000 respectively). Doc. 18, at 13; AR 57; *Dickson v. Saul*, No. CIV-19-248-SM, 2019 WL 5684513, at *6 (W.D. Okla. Nov. 1, 2019) (finding 40,000 jobs in the national economy "amounts to a significant number of jobs" and collecting cases). Because if even one of the remaining positions has a significant number of jobs in the national economy, any error would be harmless. *See id.*

## IV. Conclusion.

The court **AFFIRMS** the Commissioner's decision.

ENTERED this 23rd day of December, 2019.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE